**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONALD CARTER,

        Plaintiff,

vs.                                               Case No. 3:12-cv-740-J-32JRK

PATRICK P. O'CARROLL, JR., et al.,

        Defendants.

_____

RONALD CARTER,

        Plaintiff,

vs.                                               Case No. 3:12-cv-741-J-32TEM

UNITED STATES OF AMERICA,

        Defendant.

_____

**ORDER**

        These related cases came before the Court for review upon the filing of pro se plaintiff's Motion for Temporary Restraining Order (filed as Doc. 8 in the 3:12-cv-740 case) in which plaintiff seeks to restrain defendants (who include, among others, the Inspector General of the Social Security Administration, the Director of the Federal Bureau of Investigation, state court judges, prosecutors, various other government employees and private individuals and companies, including Kentucky Fried Chicken) from stalking and harassing plaintiff by, among other things, intimidation through gunfire, harassing him, his roommates and his animals by the exhaust and engine sounds of motorized vehicles, directing bright lights at plaintiff's security cameras and in plaintiff's direction while he is

driving, throwing dye packs in his pool, and communicating with friends, relatives, employers or acquaintances of plaintiff's roommate Laura Parks (who is also named as a defendant). Plaintiff alleges these actions are causing him physical and mental health problems, financial problems, and relationship problems and that, unless restrained, these defendants will cause further damage to his physical and psychological condition and will have more opportunity to steal, erase, alter and manipulate the evidence he has against them.

The amended complaint in case no. 3:12-cv-740 alleges that plaintiff's first, fourth, fifth, ninth and fourteenth amendment rights, along with the protections afforded by 42 U.S.C. § 1983, are being violated by defendants' actions. The basic gist of plaintiff's 51 page amended complaint is that he suffered a work-related injury in 1999 and applied for social security disability benefits. Plaintiff alleges that although he was awarded supplemental security income benefits in 2001, personnel from his hearing before the Social Security Administration began harassing and stalking plaintiff and, assisted by the FBI, are now engaging in illegal activities including "stalking, intimidation, threats, disruptions, surreptitious entries/burglaries, invasion of privacy, improper use of informants, electronic audio and video surv[eil]lance (telephone wire taps, bugs, cameras) in [plaintiff's] home, pois[o]ning resulting in the death of two dogs, BB gun shooting of one cat and one dog . . . tampering with bank accounts and credit cards . . . sleep depr[i]vation, constant missing mail and many other violations of [plaintiff's] rights . . . ." Doc. 5, Amended Complaint, filed in 3:12-cv-740, at p. 5. Plaintiff alleges these actions are intended to scare him into giving up his disability benefits (which he apparently continues to receive).

In his other case (3:12-cv-741), plaintiff is suing the United States under the Federal Tort Claims Act alleging that "Cooperative Disability Investigators" from the Social Security Administration are violating his rights by stalking, intimidating and intentionally inflicting severe emotional distress on him, committing "burglari[es], trespasses, sleep depr[i]vation, invasions of privacy, improper use of informants, pois[o]ning of 2 dogs, BB shooting of cats and dogs, restricting [his] right to travel, interfering with medical care, U.S. Mail services, electronic audio and video surv[eil]lance, threats, gross negligence . . . tampering with bank accounts and credit cards, using [plaintiff's] roommate in an informant agent contractor type of way, and other Constitutional violations, state statute violations, Florida Constitutional violations."  Doc. 1, Complaint, filed in 3:12-cv-740, at pp.3-4.

In the first filed case (3:12-cv-740), plaintiff initially paid the filing fee but has since moved for leave to proceed in forma pauperis (presumably to effectuate service of process). In the second filed case (3:12-cv-741), plaintiff moved for leave to proceed in forma pauperis at the time he filed his complaint.  The Court also notes that plaintiff filed a case in this court last year against an assistant state attorney for failure to properly investigate and prosecute a person plaintiff suspected of committing crimes against him.  See Carter v. Young, Case No. 3:11-cv-1085-J-34MCR.  That case was dismissed after the Court determined plaintiff relied on "meritless legal theories."  Id. at Doc. 12, p. 2 (adopted by Doc. 14).

Although rare, the Court must occasionally dismiss even a paid complaint for lack of subject matter jurisdiction based on frivolity without waiting for defendants to respond.  Upon review of plaintiff's filings, including the DVDs attached as exhibits, the Court finds both cases are due to be dismissed for lack of subject matter jurisdiction based on frivolity.  "The

3

test for federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action is so patently without merit as to justify the court's dismissal for want of jurisdiction." McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc). In Morris v. Bush, Case 1:08-cv-208-MP-AK, 2008 WL 5231843 (N.D. Fla. Dec. 9, 2008), the court discussed the circumstances upon which sua sponte dismissals of paid complaints are permitted and dismissed the case before it, finding the plaintiff's numerous claims had no basis in fact, were clearly removed from reality and were patently frivolous. Id. at *1. In Norton v. FBI, Case ED CV 08-1829-VAP, 2010 WL 431367 (C.D. Cal. Jan. 28, 2010), a case whose allegations were strikingly similar to those in the cases here, the court dismissed the plaintiff's "series of bizarre and vague allegations" against the FBI on grounds of frivolity where the plaintiff claimed that the FBI had seized sensitive documents belonging to the plaintiff that constituted evidence of crimes by the FBI, including their practices of illegal eavesdropping on the plaintiff. Id. at *2. In Norton, the court explained that "[d]ismissal for lack of subject matter jurisdiction is proper where the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the court], or otherwise completely devoid of merit as not to involve a federal controversy.'" Id. at *6 (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998). The court explained that "[e]ven a paid complaint" "does not confer subject matter jurisdiction" "if it is obviously frivolous." Id. See also, Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993).

Plaintiff's claims are removed from reality and are patently frivolous for purposes of assessing subject matter jurisdiction. Thus, sua sponte dismissal of both cases is required here.

4

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Temporary Restraining Order (Doc. 8 filed in 3:12-cv-740) is **denied**. Both of plaintiff's cases (3:12-cv-740, 3:12-cv-741) are **dismissed** for lack of subject matter jurisdiction. The Clerk shall terminate all other pending motions and close the files. However, given that plaintiff is on Social Security disability, the Clerk is directed to return the filing fee to plaintiff from Case No. 3:12-cv-740.[1]

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of August, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff

Finance

---

[1] Plaintiff is advised that the Finance Office of the Court will mail him a check but it may take several weeks before he receives it.